UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SIMON FRAND,                                  :
                Plaintiff,                  :
v.                                            :  **OPINION AND ORDER**
                                              :
NAOMI WOLDIGER, ABRAHAM                       :  18 CV 4816 (VB)
WOLDIGER, and JERSEY HEIGHTS                  :
INVESTMENT LLC,                               :
                Defendants.                 :
----------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Simon Frand brings this action against defendants Naomi Woldiger, Abraham Woldiger, and Jersey Heights Investment LLC, asserting state law claims for breach of contract, unjust enrichment, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty in connection with various real estate investments. Plaintiff seeks monetary damages, an accounting, and a purchase money resulting trust, or in the alternative, a constructive trust.

    Before the Court is Naomi Woldiger's motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #23).

    For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## BACKGROUND

    For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

    According to plaintiff, Naomi and Abraham Woldiger are married, and together they "solicit[ed] investments/loans from parties within their religious community to invest in parcels

1

of real estate in New Jersey." (Am. Compl. ¶ 10). In 2010, plaintiff and Abraham Woldiger executed various written agreements in Hebrew. Other agreements were made orally. Under the agreements, plaintiff would receive percentages of proceeds from the future rent or sale of several properties, including properties located at (i) 20 Jefferson Avenue, Jersey City, New Jersey; (ii) 577 Central Avenue, Jersey City, New Jersey; (iii) 1139 Summit Avenue, Jersey City, New Jersey; and (iv) 6203-6205 Hudson Avenue, West New York, New Jersey.

In connection with some of these agreements, Abraham Woldiger allegedly instructed plaintiff to wire money to Naomi Woldiger or a third party, because Abraham Woldiger had been incarcerated and kept no assets under his name in order to make himself "judgment proof." (Am. Compl. ¶ 11). Ms. Woldiger agreed to receive money from plaintiff for these real estate ventures.

According to plaintiff, he wired $735,000 to defendants on twelve occasions from 2010 through 2015, on or about: (i) October 20, 2010, $20,000 to Robert Mayerovic, Esq., counsel for the Woldiger defendants; (ii) November 3, 2010, $70,000 to Mayerovic; (iii) November 3, 2010, $35,000 to Mayerovic; (iv) December 16, 2010, $50,000 to Naomi Woldiger; (v) December 16, 2010, $50,000 to non-party Jefferson Jersey Capital LLC, which plaintiff alleges is an entity wholly controlled by defendants; (vi) August 24, 2011, $60,000 to Naomi Woldiger; (vii) July 16, 2012, $40,000 to Naomi Woldiger; (viii) November 15, 2012, $50,000 to Naomi Woldiger from plaintiff's agent Meir Frei; (ix) October 26, 2013, $140,000 to Naomi Woldiger; (x) December 20, 2013, $25,000 to Naomi Woldiger; (xi) June 18, 2014, $60,000 to Mayerovic from plaintiff's agent Mr. Frei; and (xii) September 11, 2015, $135,000 to defendant Jersey Heights Investment, whose sole member is Naomi Woldiger.

Defendants failed to reimburse plaintiff or pay any returns. After plaintiff's requests for reimbursements or an accounting, the parties attempted to resolve this matter in 2017. In exchange for plaintiff's execution of a general release of claims against both Abraham and Naomi Woldiger, Abraham Woldiger agreed to pay plaintiff a monetary settlement. Abraham Woldiger presented plaintiff's counsel a wire authorization form for $1.2 million. The funds, however, were never wired. A few months later, Abraham Woldiger arranged for plaintiff to receive a $1.59 million check, but advised him not to deposit it "as it may not clear right away." (Am. Compl. ¶ 84). Ultimately, according to plaintiff, defendants have not paid plaintiff "any money in connection with his share/interest in the various properties" or reimbursed his initial investment. (Id. ¶ 3).

## DISCUSSION

I. Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the U.S. Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, a complaint's allegations must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.  Breach of Contract

Naomi Woldiger argues plaintiff fails to state breach of contract claims against her, because plaintiff does not allege she signed a written agreement, as required by New York's Statute of Frauds for contracts concerning real property, see N.Y. Gen. Obligations Law § 5-703.

The Court agrees.

Under New York's Statute of Frauds, an interest in real property cannot be created or transferred except by a writing expressing the consideration, signed by the party against whom enforcement is sought. Knapp v. Maron, 2015 WL 2452409, at *3 (S.D.N.Y. May 22, 2015). The "full intention of the parties" must be ascertainable from the writings alone "without recourse to parol evidence." Dahan v. Weiss, 120 A.D.3d 540, 542 (2d Dep't 2014) (internal citations and quotations omitted).

Plaintiff alleges he executed written agreements with Abraham Woldiger; he does not allege Ms. Woldiger signed any written agreement. Therefore, plaintiff's breach of contract claims against Ms. Woldiger are barred by the Statute of Frauds, and are dismissed.[1]

---

[1]  Furthermore, it appears plaintiff abandoned these breach of contract claims against Ms. Woldiger. In plaintiff's opposition, he merely argues: "Plaintiff's Amended Complaint indeed sets forth a cause of action as against Naomi for breach of fiduciary duty, for aiding and abetting Abraham's breach of his fiduciary duty, for unjust enrichment, etc." (Doc. #27 at 7). Plaintiff's failure to respond to Ms. Woldiger's arguments on the breach of contract claims constitutes an abandonment of these claims and calls for dismissal. See M.M. ex rel. J.M. v. N.Y.C. Dep't of Educ., 2010 WL 2985477, at *6 (S.D.N.Y. July 27, 2010) (collecting cases).

4

III.     Statute of Limitations Bar on Remaining Claims

Naomi Woldiger argues plaintiff's other claims (i.e., unjust enrichment, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, an accounting, and a purchase money resulting trust) connected to funds transferred more than six years ago are barred by a six-year statute of limitations.

The Court disagrees.

When a defendant raises timeliness in a pre-answer motion to dismiss, her affirmative defense may be granted only if it is clear on the face of the complaint that the statute of limitations has run.  Guo v. IBM 401(k) Plus Plan, 95 F. Supp. 3d 512, 520 (S.D.N.Y. 2015).  In New York, the statute of limitations for claims of unjust enrichment, breach of fiduciary duty, and an accounting is generally six years.  See Golden Pac. Bancorp v. F.D.I.C., 273 F.3d 509, 518 (2d Cir. 2001); see also Mattera v. Mattera, 509 N.Y.S.2d 831, 833 (2nd Dep't 1986) (a six-year statute of limitations also applies to constructive trusts).

When evaluating timeliness, the Court must determine when the limitation period begins to run.  For example, the limitations period for claims arising out of a fiduciary relationship does not commence "until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated."  Golden Pac. Bancorp v. F.D.I.C., 273 F.3d at 518.  The limitations period for an unjust enrichment claim begins to run "upon the occurrence of the wrongful act giving rise to a duty of restitution."  Id. at 520; see also Mattera v. Mattera, 509 N.Y.S.2d at 833 (limitations period for constructive trusts "commences to run upon the occurrence of the wrongful act giving rise to a duty of restitution").

It is not clear from the face of the amended complaint when the limitations periods began to run for plaintiff's claims, and thus, Ms. Woldiger fails to show plaintiff's claims are untimely.

5

As a practical matter, simply counting six years back from the date the complaint is filed—as it appears Ms. Woldiger did—does not always demonstrate a claim is untimely. It is necessary to determine when the limitations period began to run, and Ms. Woldiger fails to do so here.

Accordingly, at this stage of the case, Ms. Woldiger fails to show plaintiff's claims are time barred.

IV. <u>Unjust Enrichment</u>

Naomi Woldiger argues plaintiff's unjust enrichment claim fails because plaintiff does not allege he had a sufficient connection or relationship with her.

The Court disagrees.

To state a claim for unjust enrichment under New York law, a plaintiff must allege "(1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff." <u>Agerbrink v. Model Serv. LLC</u>, 155 F. Supp. 3d 448, 458 (S.D.N.Y. 2016). "Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated." <u>Mandarin Trading Ltd. v. Wildenstein</u>, 16 N.Y.3d 173, 182 (2011).

Plaintiff alleges Ms. Woldiger, along with her husband, solicited funds from plaintiff for real estate investments in New Jersey. Plaintiff then transferred these funds directly to Ms. Woldiger, to limited liability corporations which list her as a member, and to her attorney. Plaintiff further alleges he was asked to release all claims against Ms. Woldiger in exchange for a monetary settlement. Finally, plaintiff alleges Ms. Woldiger has not returned any of the funds nor has her husband paid out any of the agreed-upon profits or returns. In short, plaintiff's relationship with Ms. Woldiger is not too attenuated to support an unjust enrichment claim.

Ms. Woldiger also argues the existence of several agreements between plaintiff and her husband in connection with these investments make plaintiff's unjust enrichment claims against her duplicative. However, the breach of contract claims against Ms. Woldiger have been dismissed and the remaining breach of contract claims lie against her husband. See Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660 (2d Cir. 1996) (unjust enrichment claim properly pleaded when one defendant disputed being a party to the contract).

Accordingly, plaintiff's unjust enrichment claim against Ms. Woldiger may proceed.

V.      Breach of Fiduciary Duty and Aiding and Abetting a Breach of Fiduciary Duty

Plaintiff also sufficiently alleges breach of fiduciary duty and aiding and abetting a breach of fiduciary duty against Naomi Woldiger.

To state a claim for breach of fiduciary duty, a plaintiff must allege "(1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct." Varveris v. Zacharakos, 973 N.Y.S.2d 774, 775 (2d Dep't 2013). To proceed on an aiding and abetting theory, a plaintiff must allege "(1) a breach by a fiduciary of obligations to another, (2) defendant's knowing inducement of or participation in the breach, and (3) that the plaintiff suffered damages as a result of the breach." Catskill Dev., L.L.C. v. Park Place Entm't Corp., 547 F.3d 115, 134 (2d Cir. 2008). A fiduciary relationship "exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation. Such a relationship, necessarily fact-specific, is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions." EBC I, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11, 19 (2005) (quoting Restatement Second of Torts § 874, comment a) (internal quotation marks omitted). It is well settled that partners owe fiduciary duties to other partners,

7

even partners with a minority stake. Meisel v. Grunberg, 651 F. Supp. 2d 98, 115 (S.D.N.Y. 2009). However, fiduciary duties may also arise outside the bounds of a partnership or other relationship from "those informal relations which exist whenever one [person] trusts in, and relies upon, another." Allen v. WestPoint-Pepperell, 945 F.2d 40, 45 (2d Cir. 1991). New York law requires that a fiduciary relationship "exhibit the characteristics of de facto control and dominance." Doe v. Roman Catholic Diocese of Rochester, 12 N.Y.3d 764, 765 (2009) (internal quotation marks and citation omitted). As a result, a fiduciary relationship "exists only when a person reposes a high level of confidence and reliance in another, who thereby exercises control and dominance over him." People ex rel. Cuomo v. Coventry First LLC, 13 N.Y.3d 108, 115 (2009). Because such a relationship is a question of fact, a "claim alleging the existence of a fiduciary duty usually is not subject to dismissal under Rule 12(b)(6)." Abercrombie v. Andrew Coll., 438 F. Supp. 2d 243, 274 (S.D.N.Y. 2006).

At this early stage, accepting plaintiff's allegations as true and drawing all reasonable inferences in plaintiff's favor, plaintiff sufficiently alleges Ms. Woldiger breached a fiduciary duty to she owed to plaintiff. Plaintiff alleges both Naomi and Abraham Woldiger solicited funds for real estate investments and that over five years, plaintiff transferred $735,000 to Ms. Woldiger, to limited liability corporations which list her as a member, and to her attorney. These actions are enough plausibly to suggest plaintiff, an unsophisticated investor, trusted and relied on Ms. Woldiger, and she exerted control and dominance over plaintiff. Plaintiff also sufficiently alleges Ms. Woldiger breached that duty when plaintiff received no reimbursement or agreed-upon profits from the real estate venture.

Further, plaintiff alleges sufficient facts to suggest Ms. Woldiger aided and abetted her husband's breach of fiduciary duty. Plaintiff claims Abraham Woldiger owed him fiduciary

8

obligations because they entered into a real estate partnership agreement; that, as an unsophisticated investor, he trusted and relied on Abraham Woldiger in their joint financial venture, which lasted at least five years and encompassed several different properties; and that Abraham Woldiger breached his fiduciary duties to plaintiff by not paying plaintiff the promised profits or reimburse his initial investment. Plaintiff also plausibly alleges Ms. Woldiger aided and abetted this breach because she solicited plaintiff's money, accepted it into her bank accounts, and failed to return it.

Accordingly, plaintiff's claims against Ms. Woldiger for breach of fiduciary duty and aiding and abetting a breach of fiduciary duty may proceed.

VI. Equitable Remedies

Naomi Woldiger argues plaintiff cannot proceed on his claims for an accounting or a purchase money resulting trust, or in the alternative, a constructive trust, because plaintiff fails to allege Ms. Woldiger had a relationship with plaintiff and retained any benefits from the real estate transactions.

The Court disagrees.

An accounting requires a defendant "to reveal his dealings." Sang Lan v. Time Warner, Inc., 2014 WL 764250, at *4 (S.D.N.Y. Feb. 25, 2014). Under New York law, an accounting requires one party to have breached a fiduciary relationship. Soley v. Wasserman, 823 F. Supp. 2d 221, 237 (S.D.N.Y. 2011) (internal citation omitted). A purchase money resulting trust creates a trust when "there is an agreement by one person to purchase property for another, with the intent that the beneficial interest in that property reside not with the one who holds title to it, but with the purchaser." Torres v. $36,256.80 U.S. Currency, 25 F.3d 1154, 1159 (2d Cir. 1994).

As already explained, plaintiff alleges sufficient facts to suggest Ms. Woldiger was personally involved with the real estate ventures. In addition, plaintiff alleges Ms. Woldiger retained plaintiff's money for her and her husband's benefit while their "web of corporations" acquired the properties at issue. (Am. Compl. ¶ 64). Although it is not clear who holds title to the properties purchased with plaintiff's funds, these funds were transferred directly to Ms. Woldiger, to limited liability corporations which list her as a member, and to her attorney. Plaintiff is entitled to discovery to determine whether these equitable remedies are appropriate here.

## CONCLUSION

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

Plaintiff's claims against Naomi Woldiger for unjust enrichment, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, an accounting, and a purchase money resulting trust, or in the alternative, a constructive trust, may proceed.

Plaintiff's claims for breach of contract against Ms. Woldiger are dismissed.

The Clerk is directed to terminate the motion. (Doc. #23).

By May 13, 2019, Ms. Woldiger shall file an answer.

Dated: April 29, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge